Weldon, J.,
delivered tbe opinion of tbe court:
Tbe petition alleges that in tbe year 1863 tbe United States sold, for tbe nonpayment of taxes, lands in St. Helena Parish, in tbe State of South Carolina, and that among tbe lands so sold were lands which belonged to tbe plaintiff within the meaning of tbe Act of March 2, 1891. (26 Stat. L., 822.)
Tbe petition claims compensation for one-balf of tbe assessed value of block 2, in tbe town of Beaufort, valued at $9,600, and fifty acres of land in cultivation, as described in said act. If tbe claimant is entitled upon tbe facts and law to recover after tbe proper'deductions, tbe Judgment should be tbe sum of $4,799.76.
Tbe history of tbe title of tbe lands tbe sale of which, as it is claimed, constitutes tbe basis of this demand, is as follows: Originally they belonged to Edgar Fripp, wbo died testate in *233 the year 1SG1. By Ms will be bequeathed the land by way of residuum to his wife, Eliza Fripp, in fee simple.
Eliza Fripp, the devisee of Edgar Fripp, died before the sale of the property, leaving a will, in which she devised all her real property in said parish to James Fripp for his lifetime, remainder in fee to the claimant.
At the time of sale the title was in James Fripp for life, remainder in fee to the petitioner. *
In the year 1806 James Fripp, thq. life tenant, bought the land from the United States, took possession of it, and died in the year 1880.
The estate was by the terms- of the will of Eliza Fripp divided into a life estate and remainder in.fee, both of which estates vested upon the death of Eliza' Fripp, cutting off all contingency of a reversion. ,
In consequence of the failure of the tenant of the life estate to pay the taxes the lands were sold, and became the property of the United States.
Tidy effect of the sale was to transfer the title from both parties to the Government, although the owner of the fee had not failed to perform any duty towards the preservation of the estate.
Nothing is better settled in the law of real estate than that the owner of the life estate is bound''to protect the property by the payment of all taxes of all kinds assessed on it by any authority. (Varney v. Stevens 22, Maine, 331, 334. Prettyman v. Watson, 34 Ills., 192.)
But although that is the duty of the life tenant, the law does not protect the estate of remaindermen and revisioners from the consequence of a forfeiture of the land to the State in case of a sale for taxes. While the State makes no warranty as to title, the sale and conveyance for taxes conveys a perfect title, if the tax is legal and the forms of the law have been technically observed in the proceeding. It is the duty of the tenant for life to defend the common title, and “if a tenant for life purchase in an outstanding incumbrance upon an estate, it is regarded as having been done for the reversioner as well as himself, if the latter will contribute his portion of the sum paid therefor.” (1 Washburn on Real Property, p. 96; Davis v. Myers, 13 B. Mon., 511, 513.)
*234 It is insisted by tlie defendants that, it being the duty of the tenant for life to pay the taxes in order to protect the remainder in fee, his purchase in the year 1866 was equivalent in law to the payment of the tax; that the deed from the United States founded on his purchase was a void deed, conveying no title as against the remainder, and when he purchased from the United States it inured to the benefit of the estate in fee, and left it unimpaired in the claimant as though no sale had been made for taxes. Upon the other hand, it is insisted by the claimant that the estate in her became divested by the sale for taxes, and that a purchase by the life tenant did not rehabilitate her in the ownership of the estate which she derived from the will of Eliza Fripp.
The statute provides “That in all cases where such owners or persons claiming under them have redeemed or purchased said lands or any part thereof from the United States, they shall not receive compensation for such part so redeemed or purchased.”
The common source of title was Eliza Fripp, and by the terms of her will two persons could claim under her as devisees, James Fripp as owner of the life estate, and the claimant as owner of the remainder. It is contended by claimant that by the terms of the statute the purchase or redemption must be by the party who seeks the satisfaction under the statute, and not by a person having an interest in the land as distinct from the claimant. ' If the purchase in this case had been by any other person than the life tenant, the question would be relieved of embarrassment and doubt. If the remainder to the claimant 'had not exhausted the estate, but a remainder was limited beyond the estate of claimant, or a reversion had been reserved by the will of Eliza Fripp and the purchase had been made by the owner of the remainder beyond the claimant, or by the reversioner, the title acquired by the purchaser would have defeated the estate of claimant, and the party would have taken a title relieved from all claim of the petitioner; but that is not this case. This was a purchase by the owner of the life estate immediately preceding the remainder of the claimant. If the owner of the life estate had redeemed the land instead of purchasing it, could there have been any recovery in this case? If the contention of claimant be true, *235 that the purchase does impair a right to recover because she was not the party purchasing, upon what principle of difference can it be said she is not bound by a redemption? It is true that in the case of a purchase there is a cloud upon her title, but it is a mere cloud, and could be removed by a proceeding in chancery instituted for that purpose. (Blackwell on Tax Titles, 482; Gage v. Rohrbach, 56 Ills., 262; Barnett v. Oline, 60 Ills., 205.)
Or if, at the time of the death of James Fripp, his heir, devisee, or grantee refused to yield possession to the owner of the fee, the claimant, she could have brought an action of ejectment, and by the production of the will of Edgar Fripp she would have made aprima facie case, then, if the defendants had introduced the deed of the United States showing upon its face that it was for the nonpayment of taxes, which ought to have been paid by the ancestor, devisor; or grantor of the defendant, the deed would have been held inoperative as a conveyance against the fee simple estate of the plaintiff, and a judgment would have been rendered against the defendants; or by a proceeding in chancery the claimant could have had the conveyance from the United States to Edgar Frixip declared a nullity as against her estate, and the remainder in fee would have been discharged from the lien or cloud created by the sale and conveyance by the United States. If the title to Edgar Fripp was a defense at law to a suit in ejectment by the claimant, a suit in equity would have relieved her from all legal embarrassment arising from the existence of the deed executed by the defendants.
The owner of the life estate can not acquire an adverse right against the owner of the fee in and through his failure to pay the taxes. When he acquired the land from the United States it operated in law as a conveyance in fee to the claimant, and placed her rights in the exact situation they would have occupied had no sale taken place. The authorities are abundant and in but one direction on this branch of the case.
As it was the duty of James Fripp to have paid the taxes, he could not acquire a title in and through his failure to perform his duty which would derogate the title of the. estate of claimant, and his purchase of the land was for her benefit, in reestablishing her in her rights which had been forfeited to the United States by the sale for taxes.
*236 The tenant for life, whose duty it was to pay the tax, having purchased the land for the benefit of not only himself .but in ■law for the owner of the remainder, it is equivalent to a purchase by the claimant, and subjects tbe rights of the party to that provision of the statute which prevents a recovery where the lauds have been redeemed or purchased by the owner. The owner of the life estate purchased the land, which inured to the benefit of claimant, and entitled her to the saihe estate in the land which she had before the sale. The law does not intend that the claimant shall have the land by a redemption or purchase and compensation of one.-half of the amount of the sale, or a compensation by the acre in the case of lands.
The claimant has not suffered by a diminution of her estate, and is therefore not entitled to compensation as alleged in her petition. The judgment of the court is that the petition be dismissed.